UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------

PHYLLIS MITCHEL AND NYAH LASTRA
                    Plaintiff,

          Against

THE CITY OF NEW YORK,
OFFICER BENITEZ, OFFICER BOBO,
OFFICER DELUTH DOES 1-10
                    Defendant(s)
--------------------------------------------------------------

Index No. CV-12-5208

**COMPLAINT**

BLOCK, J.

POHORELSKY, M.J.

TAKE NOTICE, the Plaintiffs, PHYLLIS MITCHELL and NYAH LASTRA hereby appears in this action by their attorneys, The Umoh Law Firm, PLLC., and demands that all papers be served upon him, at the address below, in this matter.

Plaintiffs, Phyllis Mitchell and Nyah Lastra, by their attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, New York City Police Department, Officer Benitez, Officer Bobo, Officer Deluth and John Doe Police Officers, collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.    This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiffs, as a result of the negligence of the defendants, perpetrated while said defendant officers were in the process of illegally and unlawfully

arresting plaintiffs.

## JURISDICTION

3.   The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action
authorized by law to redress the deprivation of rights secured under color of state and city
law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity
secured to the plaintiffs by the First, Fourth, Eighth and Fourteenth Amendment to the
Constitution of the United States.

4.   All causes of action not relying exclusively on the aforementioned federal causes of
action as a basis of this Court's jurisdiction are based on the Court's supplemental
jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events,
parties, transactions, and injuries that form the basis of plaintiffs' federal claims are
identical to the events, parties, transactions, and injuries that form the basis of plaintiffs'
claims under applicable State and City laws.

5.   As the deprivation of rights complained of herein occurred within the Eastern District of
New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6.   Plaintiffs Phyllis Mitchell and Nyah Lastra are residents of the State of New York.

7.   Officer Benitez, Officer Bobo and Officer Deluth are, and at all times relevant to this
action were, employees of the City of New York and acting under color of state law. Said
officers are being sued in both their individual and official capacities.

8.   Defendant Officers Doe are unknown officers for the City of New York, acting under
color of state law.  They are being sued in both their individual and official capacity.

9.   The Defendant, City of New York is a municipality in the State of New York and

employs the Defendant Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about February 3, 2012 at approximately 1:00 PM to 1:30PM, plaintiff Lastra was unlawfully arrested falsely imprisoned, maliciously prosecuted and was assaulted and battered by NYPD officers on Willoughby Street in Brooklyn NY.

11. Plaintiff was in a neighborhood store located on Willoughby Street in Brooklyn looking for her cell phone that she believed was left there by her mother.

12. When she arrived at the store, she met Officers Bobo and Benitez.

13. Plaintiff Lastra informed the officers that she was in the store looking for her cell phone and that she lived across the street.

14. As plaintiff Lastra attempted to leave the store when Officer Bobo pushed Plaintiff Lastra against the wall. Officer Benitez also joined in the assault. Plaintiff called out to her mother to help her, and the officers told her if she called out for her mother again, she would be hit again.

15. Plaintiff Lastra explained that she had done nothing wrong and asked the officers why she was being held. Officer Bobo then grabbed and slammed plaintiff Lastra against the gate of the premises and yelled at plaintiff Lastra to "Shut the fuck up and stop talking.

16. As Officer Bobo places the cuffs on plaintiff's Lastra hands she yells for her mother who was upstairs. As plaintiff Lastra continues to yell for her mother officer Benitez told plaintiff Lastra she was going to fuck plaintiff up and to stop calling for her mother.

17. Plaintiff Lastra is then kept in the gate area of the premises where plaintiff Mitchell cannot see her but plaintiff Lastra can see her mother and Officer Bobo speaking.

18. Plaintiff Mitchell heard her daughter plaintiff Lastra scream for her and came to her

daughter's aid partially clade and was confronted by officer Bobo who asked plaintiff Mitchell who she was plaintiff Mitchell responded the mother of Plaintiff Lastra Officer Bobo instructed plaintiff Mitchell to go back across the street they had everything under control.

19. Plaintiff Mitchell asked to see her daughter when Officer Bobo told her to take her "Nasty ass across the street". Plaintiff replies to Officer Bobo that he is being rude when Officer Bobo grabs and pushes plaintiff Mitchell against the car and handcuffs plaintiff Mitchell.

20. As Officer Bobo arrests plaintiff Mitchell he notices that plaintiff Mitchell is indeed not fully clade and pulls her by her overalls and says to plaintiff Mitchell " Oh that's why you and your daughter are nothing but nasty, stink, black dirty bitches".

21. As Officer Bobo makes the statement Plaintiff Lastra is escorted by Officer Benitez who is pushing Plaintiff Lastra tell her to "shut your fucking mouth and pushes plaintiff Lastra in the van. Plaintiff Mitchell tells Officer Benitez to take it easy with her daughter when Officer Benitez jumps on plaintiff Lastra in the van and yells at plaintiff Lastra " Didn't I tell you to shut your f**king mouth? And was choking and tugging on plaintiff's Lastra Coat collar and continued saying "Don't make me f**k up in the back of this van cause I will.

22. On the way to the precinct Plaintiff Mitchell and Plaintiff Lastra were subject to more verbal derogatory slander by Officer Bobo and snickers from Officer Benitez. Officer Bobo drove recklessly and without care causing plaintiff Mitchell to hit her head on the window/door of the van while in route to the precinct.

23. Upon exiting the van Officer Deluth instructed that plaintiff Lastra should jump out the

van when she is told to jump like a good dog.

24. Plaintiff Lastra and Mitchell were subject to more verbal slander and abuse upon reaching the precinct by more desk sergeants and police officers through the entire booking process. Such name calling as "bitches" and "take care of these animals".

25. Plaintiff Lastra was denied Sanitary napkins even though she repeatedly requested such from numerous officers. Plaintiff Lastra had to use bathroom tissue to avoid soiling herself for the two days she was at the precinct. Plaintiff Lastra was also denied medical attention when she requested it at booking and at the precinct.

26. Plaintiff Mitchell and Plaintiff Lastra were held at the precinct for numerous hours by delayed tactics of the officers denying them due process.

27. Plaintiff Mitchell and Lastra have been falsely arrested, maliciously prosecuted, falsely imprisoned all without warrant and cause.

28. Plaintiff Mitchell suffered bruises to her wrists, hands, arm and head due to the excessive force of the officers.

29. Plaintiff Lastra suffered bruises and scratches to her face, bruises to her hands, wrists and legs. Plaintiff Lastra was suffered emotional and mental distress due to the inhumane acts of the officers to give her sanitary napkins while being falsely imprisoned.

30. At no time did plaintiff Lastra and Mitchell commit any offense to warrant said treatment.

31. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

32. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

33. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

34. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

35. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other officers thereby causing and encouraging officers including defendants in this case, to engage in unlawful conduct.

36. Defendant City of New York, as a matter of policy and practice, conceals reports of violence and other constitutional violations of inmates by other officers thereby causing and encouraging officers including defendants in this case, to engage in unlawful conduct.

37. The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the

excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

38. By these actions, defendants have deprived plaintiffs of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

39. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against all Defendants

40. Plaintiffs hereby restate all paragraphs above of this complaint, as though fully set forth below.

41. By assaulting and battering Phyllis Mitchell and Nyah Lastra, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting them, Officer Bobo, Officer Benitez and Officer Deluth deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

42. In addition, the Defendants conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

43. The defendants also denied plaintiff a fair trial by falsifying information relating to his arrest.

44. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Corrections Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of their constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

45. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12 against all Defendants

46. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

47. By using excessive force without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendants deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

48. In addition, the Defendant Officers conspired among themselves to deprive plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

49. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Correctional Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said

Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by Article 1, Section 12 of the New York Constitution.

50. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiffs' deprivation of their state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the <u>doctrine of respondent superior.</u>

51. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery—City of New York and Officer Bobo, Officer Benitez and Officer Deluth

52. Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

53. In physically assaulting, threatening and intimidating plaintiffs, the Defendants Officers, acting in their capacities as Police Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiffs.

54. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiffs sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

55. The Plaintiffs hereby restate all paragraphs of this complaint, as though fully set forth below.

56. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly

causing severe emotional distress to plaintiffs.

57. Plaintiffs' emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

58. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the <u>doctrine of respondent superior</u>.

59. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent Retention of Employment Services-against the City of New York.

60. Plaintiffs hereby restate all paragraphs of this Complaint, as though fully set forth below.

61. Upon information and belief, defendants, owed a duty of care to plaintiffs to prevent the physical and mental abuse sustained by plaintiffs.

62. Upon information and belief, defendants owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiffs or to those in a like situation would probably result from this conduct.

63. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

64. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiffs' injuries.

Lastra/ Civ./ Summ. and Complaint .

65. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiffs incurred significant and lasting injuries.

## AS A SIXTH CAUSE OF ACTION:

### Negligence against all Defendants.

66. Plaintiffs repeat and reallege all paragraphs as if each paragraph is repeated verbatim herein.

67. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

68. That by reason of the said negligence, plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as they were forced to, and are still forced to expend sums of money on medical treatment; that they was deprived of their pursuits and interests and verily believes that in the future they will continue to be deprived of such pursuits; and that said injuries are permanent.

69. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A SEVENTH CAUSE OF ACTION:

### Negligence Infliction of Emotional Distress
### against all Defendants.

70. Plaintiffs repeat and reallege all paragraphs as if each paragraph is repeated verbatim herein.

Lastra/ Civ./ Summ. and Complaint .

71. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

72. That by reason of the said negligence, plaintiffs suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as they were forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future they will continue to be deprived of such pursuits; and that said injuries are permanent.

73. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an

amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4.      On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5.      On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6.      On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7.      On the Seventh Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

8.      Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

September 19, 2012
Brooklyn, New York

Respectfully Submitted

By:    NKEREUWEM UMOH Esq. [NU-7233]
25 Bond Street,
2nd Floor
Brooklyn, New York 11201
Tel. (718) 360-0527
Fax No.   : (800) 516-5929

Lastra/ Civ./ Summ. and Complaint .

Page 13